UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

McCULLOUGH HARRIS, LLC;
DELANEY CREEK CROSSING, LLC;
APEX ROAD LLC; PHILLIPS
DEVELOPMENT & REALTY, LLC; and
DONALD E. PHILLIPS,

    Plaintiffs,

v.                                                          CASE NO: 8:09-cv-1438-T-26MAP

SUNTRUST BANK,

    Defendant.
_____/

**O R D E R**

Upon due consideration of the pleadings on file, as well as Defendant Suntrust Bank's submissions, it is ordered and adjudged that Suntrust Bank's Motion to Strike Affirmative Defenses (Dkt. 19) is denied.[1] In the Court's view, Defendant Suntrust has failed to establish that the affirmative defenses have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice to Suntrust. See United States v. MLU Serv., Inc., 544 F.Supp.2d 1326, 1330 (M.D. Fla. 2008) (observing that a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure should only be granted if the matter sought to be omitted has no possible relationship to the

---

[1] In light of this disposition of the motion, the Court needs no response from Plaintiffs.

controversy, may confuse the issues, or otherwise prejudice a party) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla 1995)). As the Court in MLU Services further explained, "[b]ecause this standard is rarely met, '[m]otions to strike are generally disfavored by the Court and are often considered time wasters.'" 544 F.Supp.2d at 1330 (quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)).

**DONE AND ORDERED** at Tampa, Florida, on September 9, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record